# APPENDIX 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAF-T-GARD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.: 10 C 7671 |
| | ) | |
| TRANSWORLD SYSTEMS, INC., | ) | Magistrate Judge Rowland |
| | ) | |
| Defendant. | ) | |

# CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated June __, 2013, is entered into between Saf-T-Gard International, Inc. (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Settlement Class Members" (as defined below), and Transworld Systems, Inc. (hereinafter referred to as "TSI"). This Agreement is intended by TSI and Plaintiff, on behalf of itself and the Settlement Class Members (hereinafter collectively referred to as the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below), upon and subject to the terms and conditions contained herein.

RECITALS

WHEREAS, on December 2, 2010, Plaintiff filed a class action complaint (hereinafter referred to as the "Lawsuit") against TSI in the United States District Court for the Northern District of Illinois, Case No. 10 CV 7671 asserting class claims under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47

U.S.C. § 227, *et seq*., the Illinois Consumer Fraud Act, 815 ILCS 505/2 and Illinois common law (conversion);

WHEREAS, Plaintiff has alleged that TSI violated the TCPA by sending out unsolicited facsimile advertisements to facsimile machines promoting its services for sale;

WHEREAS, on September 13, 2011, the Court certified a class consisting of "All persons or entities who without prior express invitation or permission were sent faxes by or on behalf of Defendant promoting its goods or services for sale between December 2, 2006, and December 22, 2010, and who were not provided an 'opt out' notice as described in 47 USC § 227(b)(2)(D)."

WHEREAS, the Parties desire and intend to settle and resolve all of the claims asserted in the Lawsuit;

WHEREAS, the Parties wish to avoid the expense and uncertainty of litigation;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interest;

WHEREAS, counsel for the Settlement Class Members have conducted an evaluation of the claims to determine how best to serve the interests of the Settlement Class Members;

WHEREAS, counsel for the Settlement Class Members believe, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Settlement Class Members, that the class settlement as provided in

this Agreement is in the best interest of the Settlement Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, prior to entering into this Agreement, counsel for the Parties engaged in extensive arms-length negotiations and discovery, including various motions to compel and two settlement conferences including one presided over by Magistrate Nan Nolan;

WHEREAS, the Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek entry of a Final Approval Order and subsequently an order dismissing with prejudice the claims of the Settlement Class Members as set forth herein;

WHEREAS, the Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement per The Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4; and

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the proposed settlement, including objections by any regulatory authority after CAFA notices are issued, and oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1. <u>DEFINITIONS</u> – The following definitions shall apply to this Agreement:

A. "Effective Date" shall mean the first date after "Final Order Day" (as defined below) and after TSI fulfills the obligations required under ¶ 19 of this Agreement.

B. "Final Order Day" shall mean the day upon which the Final Approval Order becomes "Final." The Final Approval Order shall become "Final" upon the expiration of any available appeal period following entry of the Final Approval Order. If any appeal is filed from the Final Approval Order, then the Final Order Day shall be the first date after the conclusion of all appeals, so long as the Final Approval Order is not reversed or vacated.

C. "Class Members" shall mean all persons or entities who without prior express invitation or permission were sent faxes by or on behalf of Defendant promoting its goods or services for sale between December 2, 2006 and December 22, 2010, and who were not provided an 'opt-out' notice as described in 47 U.S.C. § 227(b)(2)(D). The Parties believes that there are approximately 8,200 Class Members.

D. "Settlement Class Members" shall mean all Class Members who do not validly and timely file a request for exclusion.

E. "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including

statutory, common law, property, and equitable claims), from the beginning of time to the date of this Agreement which Plaintiff or Settlement Class Members have that arise out of, or are based upon, the conduct alleged in the Lawsuit – including claims arising out of or relating to the sending of an unsolicited facsimile advertisement – regardless of whether those claims are known or unknown at the time this Agreement is entered into, and regardless of any information that may be discovered in future, which Plaintiff or Settlement Class Members have that arise out of, or are based upon, the conduct alleged in the Lawsuit.

F. "Released Parties" shall mean TSI and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit, including NCO Group, Inc., n/k/a Expert Global Solutions, Inc., and all of their subsidiary entities, and any other related entity.

2. CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT

Pursuant to the Order of September 13, 2011, Saf-T-Gard, Inc. was appointed as the Class Representative for the Class Members, and Keogh Law, Ltd. was appointed as counsel for the Class. For settlement purposes, and subject to Court approval, TSI agrees to withdraw any objection raised in any pending motion to the adequacy of either Saf-T-Gard to serve as the Class Representative or Keogh Law, Ltd, to serve as class counsel

(hereinafter referred to as "Class Counsel").

3. ORDER OF PRELIMINARY APPROVAL – Counsel for the Parties shall jointly request that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit A, no later than 14 days after the Settlement Agreement is signed.

4. FINAL APPROVAL ORDER– If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, counsel for the Parties shall jointly request that the Court enter a Final Approval Order substantially in the form attached as Exhibit B. The Final Approval Order shall provide, among other things, that:

A. the Agreement is fair, adequate and reasonable, and in the best interests of the Settlement Class Members;

B. the notice regimen and Notice described in paragraph 8 fully complies with Federal Rule of Civil Procedure 23 and the requirements of due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons or entities entitled to notice of the settlement of the Lawsuit;

C. address Class Counsel's request for attorney's fees and costs and any incentive award to the Plaintiff;

D. a date certain is set for which TSI and/or its Administrator will file an affidavit of compliance with the Agreement.

E. a date certain to report on the final accounting of the settlement. At the

final accounting hearing, the case will be dismissed with prejudice and without costs.

5. Plaintiff and Class Counsel agree that the execution of this Agreement or any related documents, the certification of the class, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to support or oppose any argument if this settlement is not finally approved, including the certification of a class and motions to reconsider or appeals of the order certifying the class. In the event this settlement is not approved, both Parties reserve the right to take any action to support their claims, defenses and arguments as to any aspect of the case, including specifically (a) the merits of the case and (b) class certification. This excludes any arguments moving to enforce the settlement agreement and/or arising out of a failure of a Party to perform in conformity with the terms of this Agreement.

6. ADMINISTRATION AND NOTIFICATION PROCESS – TSI, at its sole cost and expense, shall administer, and oversee the administration of, the settlement and the notification to Class Members.

7. TSI shall, as expeditiously as possible but not to exceed 14 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement provide any notice required by CAFA. In addition, TSI shall, as expeditiously as possible but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

A. Written Notice – TSI shall fax a written notice of the settlement twice to each Class Member at the facsimile number in which the disputed advertisement was

faxed. The second faxing of the notice shall be completed the day after the first faxing of the notice. The notice shall be in substantially the form attached as Exhibit C. TSI shall make at least two attempts to fax notice to each Class Member. TSI shall fax the notice along with a claim form (hereinafter referred to as the "Claim Form"). The Claim Form shall be in substantially the form attached as Exhibit D. The parties may destroy documents generated in the notice process one year after the Final Approval Order is entered and is no longer subject to appeal.

B. Mail Notice – In addition to the written notice described in Paragraph 8(A), TSI shall send written notice of the settlement via U.S. Mail to each of the 97 Class Members at the address contained in the spreadsheet records maintained by Barry Barnett as well as any other Class Member whose address is known.

8. REQUESTS FOR EXCLUSION AND OBJECTIONS – Class Counsel and counsel for TSI shall jointly administer, and oversee the administration of, the receipt of any and all requests for exclusion and objections.

9. Any Class Member who desires to be excluded from the class must submit to counsel for both Parties a written request for exclusion within 60 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement. Class Counsel shall, prior to final approval, report to the Court as to which Class Members (if any) submitted requests for exclusion.

10. In the written request for exclusion, the Class Member must set forth the business name, business representative name, facsimile number, and address, along with a

statement that he or she wishes to be excluded.

11. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement.

12. When responding to any inquiry from a Class Member, Plaintiff and Class Counsel will confirm that they believe the settlement is fair and reasonable.

13. Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement. Further, any such Class Member must, immediately upon filing the objection, provide a copy of the written objection to Class Counsel and counsel for TSI. In the written objection, the Class Member must set forth the name or business name, business representative name if applicable, facsimile number, and address, along with a statement of the reasons for the objection and whether he or she intends to appear at the fairness hearing and, if so, whether he or she will appear on his or her own behalf or through counsel of his or her choosing.

14. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from objecting to the settlement and foreclosed from seeking review of the settlement by appeal or otherwise.

15. Subject to approval by the Court, a fairness hearing will be conducted regarding the settlement within 120 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

16. <u>RELEASES</u> – As of the Effective Date, Plaintiff and the Settlement Class

Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims.

17. The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by the Parties.

18. <u>SETTLEMENT CONSIDERATION</u> – In consideration for the foregoing releases, the Parties agree to the following:

A. <u>Class Representative Fee</u> – Within 21 days after entry of the Final Approval Order, TSI shall pay Plaintiff $9,000 in recognition of its service as the Class Representative. Payment to Plaintiff will be made through Class Counsel.

B. <u>Class Settlement</u> – TSI shall provide the following settlement relief:

i. <u>Class Relief</u> – Within 21 days after the entry of the Final Approval Order, each Class Member shall be given the opportunity to utilize TSI's Accelerator or Profit Recovery debt collection services for up to twenty-five (25) accounts and for up to two (2) years. Each Class Member will automatically be entitled to the use of TSI's Accelerator or Profit Recovery Services with no need to submit a Claim Form. The Notice Shall provide a web page address where class members can obtain more information regarding these products and an e-mail address for class members to notify TSI when they want to utilize the services.

ii. Cash Payout –For Class Members who do not want to utilize TSI's Accelerator or Profit Recovery debt collection services, they can submit a claim for up to Two Hundred Dollars ($200.00), which shall be paid within 21 days after entry of the Final Approval Order., TSI shall establish a settlement fund of $125,000. The Cash Payout shall be used to provide recovery to the Class Members. Each Class Member will be given the opportunity to elect to take cash payment instead of TSI's debt collection services described in Paragraph 19(B)(i). Class Members electing to take the cash payment with forfeit the right to use TSI's debt collection services.

iii. Settlement Payment – TSI shall mail a $200 settlement check to each Settlement Class Member whose completed Claim Form is returned to the designated third-party class action administrator, either by facsimile or with a postmark date no later than 90 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement. In the event that the aggregate amount to be paid to such Settlement Class Members exceeds $125,000, TSI shall pay a *pro rata* share of the $125,000 to each such Settlement Class Member. If the number of valid claim forms returned by the Class Members exceeds 625, then each Class Member will receive a *pro rata* share of the $125,000, calculated by the number of Class Members electing a cash payment divided into $125,000 (*e.g.*, if 800 Class Members elect the cash payment, each Class Member would receive $156.25 ($125,000 divided by 800)). If the number of valid claim forms returned by the Class Members does not exceed 625, then each Class Member is paid $200 up to a maximum of $125,000. The settlement checks shall be sent

via U.S. mail no later than 30 days after Final Order Day. The settlement checks shall be mailed to the address identified by the Settlement Class Member on the Claim Form. The settlement checks shall be made payable to the person or entity listed on the returned Claim Form. TSI's obligations pursuant this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, except that all checks returned with a forwarding address will be re-mailed to the forwarding address. Each settlement check will be negotiable for a minimum of 60 days after it is mailed. To the extent that TSI is not obligated to spend $125,000 on timely made and accepted claims, any funds remaining shall first be used to reimburse TSI for the costs of administration.

iv. <u>Possible *Cy Pres* Award</u> – If TSI is obligated to spend *less than* $125,000 on timely made and accepted claims and to administer the class, then TSI shall be obligated to make a *cy pres* award in the amount of the difference between $125,000 and the amount TSI is obligated to spend on timely made and accepted claims and administration. For example, if TSI is obligated to spend $75,000 on timely made and accepted claims and administration costs, then TSI shall make a *cy pres* award of $50,000 ($125,000 - $75,000 = $50,000). Further, any funds from un-cashed settlement checks (*i.e.*, checks not cashed 60 days after the check date) shall be awarded to one or more mutually agreed-upon *cy pres* recipients, subject to the Court's approval. The Parties agree on the following recipient: the Chicago Bar Foundation. If applicable, TSI will pay the *cy pres* award within 45 days after the void date on the settlement checks.

19. COVENANT NOT TO SUE – Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

20. TERMINATION – After completing a good faith negotiation, each party shall have the right to terminate this Agreement by providing written notice to the other within 7 days of:

A. The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit A;

B. The Court's refusal to approve the settlement following notice to the Class Members and the fairness hearing; or

C. The Court's refusal to enter a Final Approval Order substantially in the form attached as Exhibit B.

21. If party terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

22. Under no circumstances shall Class Counsel or Plaintiff be responsible for any of the costs associated with printing, faxing, mailing, or processing any of the notices required by this Agreement.

23. ATTORNEYS' FEES, COSTS, AND EXPENSES – Class Counsel shall file an application for attorneys' fees, costs, and expenses in an amount not to exceed $240,000,

subject to approval by the Court. TSI will not object to the fee, cost, and expense application, provided the application seeks no more than $240,000. TSI will pay Class Counsel's attorneys' fees, costs, and expenses in such amount approved by the Court, not to exceed $240,000. As an additional benefit to the Class Members, said amount will be paid in addition to any relief otherwise set forth in this Agreement and shall not diminish the benefits of the settlement to the Class Members.

24. TSI or its insurer shall pay the attorneys' fees, costs, and expenses awarded by the Court within 21 days after the Court enters a Final Approval Order related to such fees, costs, and expenses. Twenty-two days after the Effective Date and in accordance with paragraph 5 above, neither TSI nor its insurer shall have any further obligation with respect to Class Counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Class Member.

25. The Parties and their counsel represent and agree that the consideration to be provided to the Settlement Class Members is not contingent on the attorneys' fees to be awarded. Any appeal from any order, which relates exclusively to the granting or denial of attorney's fees, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Approval Order as to the class and the settlement of the Lawsuit.

26. <u>PUBLICITY</u> – The Parties and their counsel agree that pending a determination of Final Approval, they will not discuss the terms of this Agreement with any media source, unless such information is contained in any of the class action notices issued pursuant to

this Agreement, or by order of the Court. Further, this confidentiality limitation does not apply to any disclosures required by court order, or in conjunction with perfecting this settlement.

27. MISCELLANEOUS PROVISIONS – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

28. This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by TSI. This Agreement shall not be offered or be admissible against TSI, or cited or referred to, in any action or proceeding, except in an action or proceeding brought to enforce its terms.

29. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

30. This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements. The terms of this Agreement are contractual. Amendments to this Agreement shall be made in writing and signed by the Parties – provided, however, that technical, typographical and other non-substantive changes to the Agreement may be made by agreement of counsel for the Parties.

31. This Agreement shall be interpreted in accordance with Illinois law.

32. Any dispute, challenge, or question relating to this Agreement shall be heard only

by the Court or, as necessary, courts which have appellate jurisdiction over the United States District Court for the Northern District of Illinois.

33. The Parties shall request that the Court retain continuing jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class Members, and over the administration and enforcement of this Agreement.

34. This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

35. In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if the Parties mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

36. This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

37. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument. Signatures transmitted by facsimile, or electronically-transmitted signatures, may be treated as original signatures for all purposes.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have

caused this Agreement to be executed this 5 th day of June, 2013.

Saf-T-Gard International, Inc.

By: Richard A. Rivkin

Its: President and CEO

Transworld Systems, Inc.

By: ______________________

Its: ______________________

Keith J. Keogh
Timothy J. Sostrin
KEOGH LAW, LTD.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Phone: (312) 726-1092

Attorneys for Plaintiff, Saf-T-Gard International, Inc. and the Class

David Israel, Esq.
Bryan C. Shartle, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 North Causeway Blvd., Suite 200
Metairie, Louisiana 70002-7227
Phone: (504) 828-3700

James K. Schultz
SESSIONS, FISHMA, NATHAN & ISRAEL, L.L.C
55 West Monroe Street, Suite 1120
Chicago, Illinois 60603
Phone: (312) 578-0990

Attorneys for Defendant, Transworld Systems, Inc.

\\sfnfs02\prolawdocs\9266\9266-26878\Saf-T-Gard International\1090117.doc

caused this Agreement to be executed this ___th day of April, 2013.

______________________________
Saf-T-Gard International, Inc.

By: ______________________________

Its: ______________________________

______________________________
Transworld Systems, Inc.

By: Bernard P Zeng

Its: Senior Vice President

______________________________
Keith J. Keogh
Timothy J. Sostrin
KEOGH LAW, LTD.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Phone: (312) 726-1092

Attorneys for Plaintiff, Saf-T-Gard International, Inc. and the Class

______________________________
David Israel, Esq.
Bryan C. Shartle, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 North Causeway Blvd., Suite 200
Metairie, Louisiana 70002-7227
Phone: (504) 828-3700

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe Street, Suite 1120
Chicago, Illinois 60603
Phone: (312) 578-0990

Attorneys for Defendant, Transworld Systems, Inc.

\\sfnfs02\prolawdocs\9266\9266-26878\Saf-T-Gard International\1090117.doc

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAF-T-GARD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.: 10 C 7671 |
| | ) | |
| TRANSWORLD SYSTEMS, INC., | ) | Magistrate Judge Rowland |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Saf-T-Gard International, Inc. ("Saf-T-Gard" or "Plaintiff") for Preliminary Approval of Class Action Settlement and Notice to the Class with defendant Transworld Systems, Inc. ("TSI" or "Defendant") came on for hearing on May 15, 2013 and a revised agreement was filed for consideration.

Having considered Plaintiff's moving papers, the signed Settlement Agreement and Release (the "Agreement") attached as Appendix A to Plaintiff's Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiff's motion, and after hearing argument of the parties, due notice having been given and the Court being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The Class Notice (as described in the Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice

practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Lawsuit.

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

**IT IS THEREFORE ORDERED THAT:**

1. The settlement proposed in the Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. In the event that (i) the Agreement is terminated pursuant to its terms; (ii); the Agreement, the Preliminary Approval Order, and the Final Judgment and Order do not for any reason become effective; or (iii) the Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect, then (a) any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated and this case shall proceed as though the Settlement had never been reached, and (b) Defendant shall be entitled to renew any motion, including its motion for summary judgment and motion to reconsider the order certifying the class, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Agreement, then this Order shall be void and shall be deemed vacated

3. Defendant or the Administrator shall give notice of the settlement, its terms, the right to opt out, appear, and the right to object to the settlement as set forth in the Agreement. The Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

4. The form of notice that Defendant or its agent will provide is attached as Exhibit A to the Agreement. Before June 14, 2013 Defendant or its agent will send the notice substantially in the form of Exhibit A and a claim form substantially in the form of Exhibit B by facsimile and/or mail to each Class Member identified on the Class List. This notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. The Court finds and orders that no other notice is necessary. Defendant's Administrator shall also provide the Notice and/or the Claim Form to those Class Members who call to request it.

5. To effectuate the Settlement, the Court hereby establishes the following deadlines and dates for the acts and events set forth in the Agreement and directs that parties to incorporate the deadlines and dates in the Notice and Claim Form:

(a) Claim Forms shall be returned by Class Members to Defendant or its agent by fax or mail postmarked on or before July 31, 2013. Claims not submitted by this date shall be barred.

(b) Objections to the Settlement by Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served

by fax or mail postmarked to Class Counsel and Defendant's counsel on or before July 31, 2013 or shall be forever barred. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity), address and telephone number; (b) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement of the objection to the Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(c) All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on Plaintiff's Counsel and counsel for Defendant by fax or mail postmarked on or before August 19, 2013, or shall be forever barred.

(d) Requests by any Class Member to opt out of the Settlement must be faxed or mailed postmarked to Defendant or its agent on or before July 31, , 2013, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Class Member's name and address; (b) the telephone number for the facsimile machine on which the Class Member was sent the fax; (c) the Class Member's signature or that of the Class Member's representative (such as a business's officer or manager); and (d) a statement that expressly states an intent of the Class Member not to participate in the Agreement and to waive all rights to the benefits of the Agreement.

6. Defendant or its Administrator shall file an affidavit regarding notice by August 14, 2013.

7. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) no later than August 19, 2013.

8. Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by August 19, 2013.

9. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on September 3, 2013 at 9:00 a.m.

10. All papers in support or opposition to the Agreement shall be filed August 19, 2013. Any responses to objections, shall be filed with the Court on or before August 26, 2013. There shall be no replies from objectors.

11. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Agreement, then this Order shall be void and shall be deemed vacated.

12. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

Dated: ________________________ ______________________________

Magistrate Judge Rowland

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAF-T-GARD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.: 10 C 7671 |
| | ) | |
| TRANSWORLD SYSTEMS, INC., | ) | Magistrate Judge Rowland |
| | ) | |
| Defendant. | ) | |

# FINAL APPROVAL ORDER

1. On DATE, 2013, this Court preliminarily approved the Class Settlement Agreement reached between Saf-T-Gard International, Inc. ("Plaintiff") and Transworld Systems, Inc. ("Defendant").

2. The Court approved a form of notice for the class. The Court is informed that actual notice was sent by facsimile by Defendant's administrator to #### Class Members. There were #### transmissions that were not successful. ____ Class Member requested exclusion and _____ objections were filed or received. A total of ### Class Members submitted valid claim forms.

3. On DATE, 2013, the Court held a fairness hearing to which Class Members, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

a. The Court finds that the Class covered by the Settlement Agreement, and previously certified by the Court is appropriate under FED. R. CIV. P. 23.

b. The Court finds that the provisions for notice to the Class satisfy the requirements of FED. R. CIV. P. 23 and due process.

4. The Court finds that the settlement is fair and reasonable, and hereby approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the release and the payment by Defendant to create a Settlement Fund of $125,000. The Court further approves of the distribution of the Settlement Fund as follows:

a. For those Class Members that did not return a valid claim form, each shall be entitled to use TSI's Accelerator or Profit Recovery debt collection services for up to twenty-five (25) accounts and for up to two (2) years.

b. A Settlement Fund shall be distributed among those members of the Class (including Plaintiff) who returned a duly executed claim form that is timely or that is otherwise approved by the Court. Each class member shall be paid $200. In the event that the aggregate amount to be paid to such Settlement Class Members exceeds $125,000, TSI shall pay a *pro rata* share of the $125,000 to each such Settlement Class Member. In other words, f the number of valid claim forms returned by the Class Members exceeds 625, then each Class Member is paid an equal *pro rata* share of the Settlement Fund of $125,000. Class members shall be paid by check void 60 days after issuance.

c. Any amount of the Settlement Fund that remains unclaimed or undistributed will be used to offset the costs of administration. Any funds remaining after reimbursement of the administration costs will be distributed to the Chicago Bar Foundation as a cy pres recipient. These distributions will be made 30 days after the void date on the Class Members' settlement checks

5. Plaintiff and Class Members Release:

As of the Effective Date, Plaintiff will forever release, and those Class Members who do not opt out of the Settlement Class (whether or not such members submit a claim form) (the "Releasors"), fully, finally, and forever settle, release and discharge TSI and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related to affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit, including NCO Group, Inc., and all of their subsidiary entities, and any other related NCO entity from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort or otherwise, including statutory, common law, property, and equitable claims), from the beginning of time to the date of this Agreement which Plaintiff or Settlement Class Member has that arise out of, or are based upon, the conduct alleged in the Lawsuit - including claims arising out of or relating to the sending of an unsolicited facsimile advertisement in the form of Exhibit A to the second amended complaint - regardless of whether any information that may be discovered in the future, which Plaintiff or

Settlement Class Members have that arise out of, or are based upon, the conduct alleged in the Lawsuit.

6. No Class Members have opted out of the Settlement and no Class Members have objected to the Settlement.

7. The Court finds the Agreement fair and made in good faith.

8. The Court awards attorney's fees and costs in the amount of $240,000. Defendant is directed to make payment of Attorney's Fees and Costs to Class Counsel within 21 days of today, on or before DATE, 2013.

9. Defendant's Administrator shall distribute the Settlement Funds in accordance with the provisions of this Final Approval Order within 30 days of today or on or before DATE, 2013.

10. Defendant's Administrator to submit a report on final accounting of the Settlement Fund on DATE, 2013.

11. Defendant's counsel will make the *cy pres* payments by DATE, 2013.

12. Defendant shall make a payment of $_____ to Plaintiff in addition to the Settlement Fund.

DATE: ________________ ENTERED:

______________________________
Magistrate Judge Rowland

# EXHIBIT C

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**IF YOU RECEIVED AN UNSOLICITED ADVERTISING FAX FROM TRANSWORLD SYSTEMS, INC. ("TSI"), PLEASE READ THIS NOTICE CAREFULLY.**

**To All Members of the Following Class:**

**ALL PERSONS OR ENTITIES WHO WITHOUT PRIOR EXPRESS INVITATION OR PERMISSION WERE SENT FAXES BY OR ON BEHALF OF TSI PROMOTING ITS GOODS OR SERVICES FOR SALE BETWEEN DECEMBER 2, 2006 AND DECEMBER 22, 2010, AND WHO WERE NOT PROVIDED AN 'OPT-OUT' NOTICE AS DESCRIBED IN 47 U.S.C. § 227(B)(2)(D).**

## I. WHY IS THIS NOTICE BEING PUBLISHED?

This notice is being published to let people know that they may be eligible to receive either TSI's Accelerator or Profit Recovery debt collection services for up to 25 accounts and for up to 2 years (a $624.75 value) or $200 under a proposed settlement of a class action lawsuit if they **submit a claim form by** July 31, 2013. The lawsuit is pending in federal court in Chicago, Illinois. The hearing to approve the settlement will be held on **September 3, 2013 at 9:00 a.m.** before Magistrate Judge Rowland in Courtroom 1330 of the U.S. District Court, 219 South Dearborn Street, Chicago, IL 60604. Plaintiff and the class representative have elected to waive the right of itself, and the class, to have its claim heard by an Article III District Judge, and has elected to consent to the jurisdiction of the United States Magistrate Judge.

## II. WHAT IS THE LAWSUIT ABOUT?

Plaintiff Saf-T-Gard International, Inc. sued TSI, alleging it received an unsolicited facsimile advertisement from TSI and that the sending of this fax violated the Telephone Consumer Protection Act. Saf-T-Gard sought to represent a class of persons to whom TSI sent unsolicited advertising facsimiles. TSI denies these allegations but has agreed to settle to avoid the costs and uncertainties of litigation. TSI will vigorously defend the lawsuit if the proposed settlement is not approved.

## III. WHAT IS THE PROPOSED SETTLEMENT?

The parties to the lawsuit have agreed to settle after extensive negotiations. Under the proposed settlement, class members will automatically be entitled to use TSI's Accelerator or Profit Recovery debt collection services for up to twenty-five (25) accounts and for up to two (2) years. This service has a retail value of $624.75. More information for these services is found at www.transworldsystems.comIn the alternative any Class Member who submits a valid claim by July 31**, 2013** will receive a maximum of $200. This payment is in lieu of the free TSI services described above.

## IV. HOW DO I PARTICIPATE?

You will automatically be entitled to use of TSI's services unless a claim form electing the cash recovery is received In order to utilize TSI's Accelerator or Profit Recovery, you just need to send an e-mail to ADDRESS by DATE. If you elect to receive a cash payment instead of the use of TSI's services, complete and submit the claim form to the **Settlement Administrator, (FAX) ###-####**. Claim forms must be faxed or postmarked by July 31**, 2013**.

## V. WHAT AM I GIVING UP?

If the settlement becomes final, you will be releasing TSI of any claims relating in any way to its sending of unsolicited advertising facsimiles. This release is more fully explained in paragraphs 1, 17 and 18 of the Settlement Agreement. You will need to reference case number 10 C 27671. The Settlement Agreement is available at the Clerk's Office, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, Illinois 60604 during business hours.

## VI. EXCLUDING YOURSELF FROM THE SETTLEMENT

You will be a member of the Settlement Class unless you exclude yourself from the Settlement Class. You need not take any action to remain in the Settlement Class and receive access to TSI's services. But you need to submit a Claim Form by **July 31, 2013** to be eligible to receive a cash payment.

If you want to keep the right to sue TSI over the legal issues in this case, you must take steps to get out of the settlement. This is called asking to be excluded from – or sometimes called "opting out" of – the class. To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the Saf-T-Gard International, Inc. v. Transworld Systems, Inc. class action settlement. Be sure to include your name, address and the number for the facsimile machine on which you were sent the fax advertisement, and your signature by **July 31, 2013**. Send the letter to **the Settlement Administrator and Class Counsel at the addresses provided in paragraphs IV and VIII respectively.** If you opt out, you will not receive access to any of TSI's services or any payment from the Settlement Fund, you cannot object to the Settlement and you will not be bound by anything that happens in this lawsuit.

## VII. OBJECTING TO THE SETTLEMENT.

Either on your own or through an attorney you hire, you can tell the Court that you don't agree with the settlement or some part of it. You must explain why you think the Court should not approve the settlement. To object, you must send a letter saying that you object to the settlement in Saf-T-Gard v. v. Transworld Systems, Inc., 10 C 7671 By July 3, 2013. Be sure to include your name, address and the telephone number for the facsimile machine on which you were sent the fax advertisements. Any papers in support of your objection, to the settlement must be filed by **August 19, 2013 with** Clerk's Office, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, Illinois 60604. The Court will consider your views if you properly submit an objection on time.

Objecting is simply telling the Court that you don't like something about the Settlement. You can object ONLY if you stay in the class. If you exclude yourself, you have no basis to object because the case no longer affects you. Any objections or appearances must be filed with the Court and reference 10 C 7671 and sent to **the Settlement Administrator and Class Counsel at the addresses provided herein in paragraphs IV and VIII respectively.**

## VIII. WHO REPRESENTS THE CLASS?

The Court has appointed the following law firm to represent you and members of the Settlement Class in this lawsuit: KEOGH LAW, LTD., 55 West Monroe Street, Suite 3390, Chicago, Illinois 60603.

This firm represents your interests in this lawsuit. You may contact them at 312.374.3409 or TSISettlement@Keoghlaw.com with any questions that you have about the lawsuit or the Settlement. You may also hire your own attorney at your own cost.

## IX. CAN I GET MORE INFORMATION?

This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in 10 C 7671, at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604. If you have questions about this notice or the proposed settlement, you may contact Class Counsel at the address and phone number listed above. **DO NOT CONTACT THE COURT OR DEFENDANT FOR INFORMATION.**

BY ORDER OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS.

# EXHIBIT D

***SAF-T GARD INTERNATIONAL, INC. v. TRANSWORLD SYSTEMS, INC.***

**(N.D. Ill. 10-C-7671)**

**YOU WILL AUTOMATICALLY BE ENTITLED TO USE OF TSI'S SERVICES UNLESS A CLAIM FORM ELECTING THE CASH RECOVERY IS RECEIVED IN ORDER TO ULTILIZE TSI'S ACCELERATOR OR PROFIT RECOVERY, YOU JUST NEED TO CALL####### BY DATE. IF YOU SUBMIT THIS FORM, YOU WILL NOT BE ENTITLED TO TSI'S SERVICES.**

## CLAIM FORM FOR CASH PAYMENT

**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT IN LIEU OF THE USE OF TSI' ACCELERATOR OR PROFIT RECOVERY, THIS CLAIM FORM MUST BE FAXED OR POSTMARKED ON OR BEFORE JULY 31, 2013 TO THE FOLLOWING:**

**[SETTLEMENT ADMINISTRATOR]**
**[include fax number for return of claims in addition to address]**

Please print or type the following information:

NAME OF PERSON OR ENTITY THAT SUBCRIBED TO THE FAX LINE:

__________________________________

CURRENT MAILING ADDRESS OF SUBSCRIBER OF FAX LINE:

ADDRESS: __________________________________

CITY/STATE: __________________________________

ZIP CODE: __________________________________

FAX NUMBER: __________________________________