**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAF-T-GARD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.:   10 C 7671 |
| | ) | |
| TRANSWORLD SYSTEMS, INC., | ) | Magistrate Judge Rowland |
| | ) | |
| Defendant. | ) | |

**FINAL APPROVAL ORDER**

1.  On June 10, 2013, this Court preliminarily approved the Class Settlement Agreement reached between Saf-T-Gard International, Inc. ("Plaintiff") and Transworld Systems, Inc. ("Defendant").

2.  The Court approved a form of notice for the class. The Court is informed that 8,409 notices of settlement were sent via facsimile and 117 notices of settlement were sent via U.S. first class mail. There were no requests for exclusion and no objections submitted by Class members. A total of 124 valid claim forms were filed.

3.  On September 17, 2013, the Court held a fairness hearing to which Class Members, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

>   a.  The Court finds that the Class covered by the Settlement Agreement, and previously certified by the Court is appropriate under FED. R. CIV. P. 23.

>   b.  The Court finds that the provisions for notice to the Class

1

satisfy the requirements of FED. R. CIV. P. 23 and due process.

4. The Court finds that the settlement is fair and reasonable, and hereby approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the release and the payment by Defendant to create a Settlement Fund of $125,000. The Court further approves of the distribution of the Settlement Fund as follows:

> a. For those Class Members that did not return a valid claim form, each shall be entitled to use TSI's Accelerator or Profit Recovery debt collection services for up to twenty-five (25) accounts and for up to two (2) years.
>
> b. A Settlement Fund shall be distributed among those members of the Class (including Plaintiff) who returned a duly executed claim form that is timely or that is otherwise approved by the Court. Each class member shall be paid $200. In the event that the aggregate amount to be paid to such Settlement Class Members exceeds $125,000, TSI shall pay a *pro rata* share of the $125,000 to each such Settlement Class Member. In other words, if the number of valid claim forms returned by the Class Members exceeds 625, then each Class Member is paid an equal *pro rata* share of the Settlement Fund of $125,000. Class members shall be paid by check void 60 days after issuance.
>
> c. Any amount of the Settlement Fund that remains unclaimed or undistributed will be used to offset the costs of administration. Any funds remaining after reimbursement of the administration costs will be distributed to the Chicago Bar Foundation as a cy pres recipient. These distributions will be made 30 days after the void date on the Class Members' settlement checks.

5. <u>Plaintiff and Class Members Release</u>:

As of the Effective Date, Plaintiff will forever release, and those Class

Members who do not opt out of the Settlement Class (whether or not such members submit a claim form) (the "Releasors"), fully, finally, and forever settle, release and discharge TSI and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related to affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit, including NCO Group, Inc., and all of their subsidiary entities, and any other related NCO entity from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort or otherwise, including statutory, common law, property, and equitable claims), from the beginning of time to the date of this Agreement which Plaintiff or Settlement Class Member has that arise out of, or are based upon, the conduct alleged in the Lawsuit - including claims arising out of or relating to the sending of an unsolicited facsimile advertisement in the form of <u>Exhibit A</u> to the second amended complaint - regardless of whether any information that may be discovered in the future, which Plaintiff or Settlement Class Members have that arise out of, or are based upon, the conduct alleged in the Lawsuit.

6. No Class Members have opted out of the Settlement and no Class

Members have objected to the Settlement.

       7.       The Court finds the Agreement fair and made in good faith.

       8.       The Court awards attorney's fees and costs in the amount of $240,000. Defendant is directed to make payment of Attorney's Fees and Costs to Class Counsel within 21 days of today, on or before October 8, 2013.

       9.       Defendant's Administrator shall distribute the Settlement Funds in accordance with the provisions of this Final Approval Order within 30 days of today or on or before October 17, 2013.

       10.       Defendant's Administrator to submit a report on final accounting of the Settlement Fund on January 17, 2014.

       11.       Defendant's counsel will make the *cy pres* payments by January 17, 2014.

       12.       Defendant shall make a payment of $9,000.00 to Plaintiff in addition to the Settlement Fund.

E N T E R:

Dated: September 17, 2013

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge